United States District Court
Southern District of Texas
**ENTERED**
July 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HASTEN AFONSO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-03415** |
| | § | |
| **RANDY TATE, ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Before the Court is Petitioner Hasten Afonso's Verified Petition for Writ of Habeas Corpus (ECF No. 1) and the Federal Respondents Response to Order to Show Cause and Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I. BACKGROUND

Petitioner Hasten Afonso is a citizen of India who entered the United States on a non-immigrant visa in 2018. *See* ECF No. 5 at 1. He overstayed his visa and was taken into Immigration and Customs Enforcement ("ICE") custody on October 21, 2025. *Id.* at 2. The Government initiated removal proceedings against Petitioner, and he was ordered removed to India in March of 2026. *Id.* Petitioner has appealed his removal order to the Board of Immigration Appeals. *Id.* He also has a pending asylum application. ECF No. 7 at 3. Petitioner states that he has strong familial ties in the United States and no criminal history. *Id.*

Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *Id.* As such, he was afforded a bond hearing on two separate occasions. During these hearings, Petitioner bore the burden of demonstrating he was not a flight risk or a danger to the community. *See* ECF No. 7 at 7; *Velasco Lopez v. Decker*, 978 F.3d 842, 849 (2d Cir. 2020) (describing Board of Immigration Appeals precedents which allocate the burden to noncitizens seeking bond). On November 12, 2025, an Immigration Judge ("IJ") found that Petitioner was a flight risk and denied him bond. *Id.* After Petitioner filed his asylum application, he requested a second bond hearing. *Id.* On December 16, 2025, the IJ again denied Petitioner bond, finding no change in circumstances from the first hearing. *Id.*

## II. ANALYSIS

The Court concludes that Petitioner's ongoing detention—now lasting more than eight months—has become excessively prolonged and thus violates his due process rights under the balancing test established by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976).[1] The Court is persuaded by the First and Second Circuits' reasoning in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) and *Velasco Lopez v. Decker*, 978 F.3d at 852, in which the courts held that prolonged detention under § 1226(a) violates the Due Process Clause under *Mathews*.[2]

"[D]ue process 'applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.'" *Hernandez-Lara*, 10 F.4th at

[1] The Court does not address the other reasons why Petitioner believes his continued detention is unlawful.

[2] Respondents argue that the Court lacks jurisdiction to review an IJ's discretionary bond decision under 8 U.S.C. § 1226(e). But it is well settled that § 1226(e) does not preclude challenges to "the extent of the Government's detention authority under the statutory framework as a whole." *Jennings v. Rodriguez*, 538 U.S. 281, 295 (2018); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021) (holding that § 1226(e) did not preclude a due process challenge to prolonged detention under § 1226(a)); *Velasco Lopez v. Decker*, 978 F.3d 842, 850-51 (2d Cir. 2020) (same).

29 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). The first *Mathews* factor, Petitioner's liberty interest, is weighty. *See Zadvydas*, 533 U.S. at 695 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). The second *Mathews* factor, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," also favors Petitioner. The risks of placing the burden on a detainee to prove that they are *not* a flight risk or danger are well known. *See Hernandez-Lara*, 10 F.4th at 30; *Velasco Lopez*, 978 F.3d at 851, 853. The third *Mathews* factor, "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," is outweighed by the potentially erroneous and ongoing deprivation of Petitioner's liberty. The Government doubtless has an interest in detaining noncitizens in removal proceedings who pose a flight risk or danger to the community. However, to the extent these considerations apply to Petitioner,[3] there are other means available through which the Government could adequately address its concerns. After all, "'the choice...is not between imprisonment and the alien living at large' but 'between imprisonment and supervision under release conditions that may not be violated.'" *Perez-Perez v. Raycraft*, 2026 WL 1121930, at *7 (E.D. Mich. Apr. 24, 2026) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 696 (2001)).

Having considered each of the *Mathews* factors, the Court finds that Petitioner's ongoing detention violates his due process rights.

## III. REMEDY

[3] It is unclear from the record before the Court why the IJ found that Petitioner presented a flight risk.

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Where a noncitizen seeks habeas relief from civil immigration detention, courts in the Fifth Circuit and elsewhere have determined that immediate release is appropriate. *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases); *Sabino Luis Luis v. Michael Nessinger*, 2026 WL 1743600, at *13 (D. Rhode Island June 17, 2026) (finding that an IJ's reason for previously denying bond was no longer applicable and stating that the "Court has found that the appropriate remedy for a prolonged detention claim is immediate release."). Petitioner has been deprived of his liberty for over eight months, and the Court concludes that immediate release from custody is required.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an

IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 13, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before July 27, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 10th, 2026.

Keith P. Ellison
United States District Judge